UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  21-1406-MWF (JPR)                               Date:  February 28, 2023
Title:         MMAS Research LLC, et al v. The Charité, et al

Present:      The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
| --- | --- |
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| --- | --- |
| None Present | None Present |

Proceedings (In Chambers):   ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT [56]; ENTRY OF JUDGMENT

Before the Court is the Motion to Dismiss Second Amended Complaint (the "Motion") filed by Defendant The Charité – Universitätsmedizin Berlin ("Charité") on December 30, 2022.  (Docket No. 56).  Plaintiff MMAS Research LLC filed an Opposition on February 6, 2023.  (Docket No. 57).  Defendant filed a Reply on February 13, 2023.  (Docket No. 58).

The Court has read and considered the papers filed in connection with the Motion and held a hearing on **February 27, 2023**.  Counsel for Plaintiff did not appear at the hearing.

The Motion is **GRANTED** *without leave to amend*.  Plaintiff does not meet its burden to prove that the copyright claim should be in federal court, failing to establish standing to sue for copyright infringement and the Court's jurisdiction over alleged infringements that occurred entirely outside of the United States.  Without a federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

I.      **BACKGROUND**

Plaintiff commenced this copyright infringement action on February 16, 2021.  (Complaint (Docket No. 1)).  The First Amended Complaint ("FAC") was filed on

---
**CIVIL MINUTES—GENERAL**                                                                                    1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  21-1406-MWF (JPR)                    **Date:**  February 28, 2023
**Title:**      MMAS Research LLC, et al v. The Charité, et al

August 22, 2022.  (Docket No. 31).  Defendant's Motion to Dismiss FAC was granted on November 4, 2022.  (Order Granting Motion to Dismiss FAC ("Prior Order") (Docket No. 47)).  Plaintiff filed a Second Amended Complaint ("SAC") on December 5, 2022.  (Docket No. 55).

      As alleged, Plaintiff owns the MMAS Research Widget Code (the "Morisky Widget"), registered under United States Copyright Registration No. TX 8-816-517.  (SAC at 2).  The Morisky Widget is an electronic diagnostic assessment protocol to measure and identify medication adherence behaviors and includes registered translations of the widely used MMAS-8 and MMAS-4 tests, along with other validated assessments, specifically the Clinically Useful Depression Outcome Scale ("CUDOS") and Clinically Useful Anxiety Outcome Scale ("CUXOS").  (*Id.*).  MMAS licenses use of the Morisky Widget to pharmaceutical firms, hospitals, and universities.  (*Id.*).  All Morisky licensees are required to score and code diagnostic assessments, including MMAS-4 and MMAS-8, in the Morisky Widget and to be trained and certified to use the Morisky Widget before administering it on patients.  (*Id.* at 12).

      Plaintiff alleges that on or about June 30, 2017, Plaintiff and Charité entered into a written perpetual license agreement for the use of the Morisky Widget.  (SAC at 12).  Plaintiff alleges that Charité conducted multiple MMAS-8 studies for the development and validation of a phone app known as MyTherapy, which is owned by Defendant Smartpatient GmbH, without a license or other permission to use the MMAS-8 for validation of the MyTherapy app.  (*Id.* at 12–13).  Similarly, Plaintiff alleges that Defendants appeared in an advertisement for the app describing the use of the MMAS-8 for MyTherapy.  (*Id.* at 13).

      Plaintiff alleges that on June 3, 2018, doctors from Charité's Department of Nephrology traveled to Seattle, Washington to attend the American Transplantation Society meeting where they presented MMAS-8 results from their study.  (*Id.* at 14).  Plaintiff also alleges that Charité published studies that were violative of the licensing agreement and that were used in American presentations and publications.  (*Id.* at 16).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. 21-1406-MWF (JPR)                           Date:  February 28, 2023
Title:     MMAS Research LLC, et al v. The Charité, et al

Plaintiff's Second Amended Complaint asserts three claims for relief against Defendants Charité, Smartpatient GmbH, and Does 1 - 10: (1) breach of contract, (2) copyright infringement under 17 U.S.C. § 101 *et seq.*, and (3) unfair competition under California Business and Professions code section 17200 *et seq.* (*Id*. at 18–23).

## II.    LEGAL STANDARD

### A.    Rule 12(b)(1)

"Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court." *Brooke v. Kashl Corp.*, 362 F. Supp. 3d 864, 871 (S.D. Cal. 2019) (citing *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001)).

A jurisdictional attack under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the complaint's allegations must be accepted as true. *Id.* "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* "The court need not presume the truthfulness of the plaintiff's allegations under a factual attack." *Brooke v. Superb Hosp., LLC*, No. 1:20-CV-0103 AWI SAB, 2021 WL 1173208, at *4 (E.D. Cal. Mar. 29, 2021) (citing *Wood v. City of San Diego*, 678 F.3d 1075, 1083 n.2 (9th Cir. 2011)).

### B.    Rule 12(b)(6)

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. 21-1406-MWF (JPR)            Date: February 28, 2023
Title:     MMAS Research LLC, et al v. The Charité, et al

     "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id*. at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556–57) (internal citations omitted).

     The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). Where the facts as pleaded in the complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Props.*, 751 F.3d at 996–97; *see also Somers*, 729 F.3d at 960.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. 21-1406-MWF (JPR)            Date: February 28, 2023
Title:     MMAS Research LLC, et al v. The Charité, et al

## III. DISCUSSION

Through the Motion, Defendant Charité argues that Plaintiff's second claim (copyright violation) fails as a matter of law because (1) the work at issue, the Morisky Widget, is not entitled to copyright protection as an unauthorized derivative work; (2) MMAS lacks standing to sue for infringement of the Morisky Widget; (3) the Court lacks subject matter jurisdiction over the claim, or alternatively MMAS failed to state a claim as the allegedly infringing conduct occurred exclusively outside the United States; (4) the copyright claim is barred by the statute of limitations; and (5) MMAS cannot state a claim for copyright infringement because it authorized use of the Morisky Widget via a retroactive license agreement. (Motion ("Mot.") at 7–22).

Additionally, Defendant argues that MMAS's contract and unfair competition claims fail as a matter of law because (1) the Court should not exercise supplemental jurisdiction over the claims and (2) the claims are preempted by the Copyright Act. (Mot. at 23–25).

### A. Copyright Infringement

#### 1. Standing

Defendant argues that MMAS lacks standing to sue because MMAS does not own the copyright at issue. (Mot. at 10).

"Under the Copyright Act, only the 'legal or beneficial owner of an exclusive right under a copyright' has standing to sue for infringement of that right." *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1169 (9th Cir. 2013) (quoting 17 U.S.C. § 501(b)); *see also Silvers v. Sony Pictures Entertainment, Inc.*, 402 F.3d 881, 890 (9th Cir. 2005) (holding that, under 17 U.S.C. § 501(b), "a party that has no ownership interest has no standing to sue"). If a plaintiff "lacks standing . . . the district court [does] not have subject matter jurisdiction and dismissal [is] appropriate" under Rule 12(b)(1). *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, (9th Cir. 2003) (upholding dismissal of copyright infringement claim under Rule 12(b)(1) where plaintiff lacked standing);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  21-1406-MWF (JPR)                         Date:  February 28, 2023
Title:        MMAS Research LLC, et al v. The Charité, et al

*Righthaven*, 716 F.3d at 1172 (same).  It is the plaintiff who has the burden of establishing a qualifying ownership interest both as a substantive element of the infringement claim, and as a necessary predicate for standing to bring the claim.  *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 986 (9th Cir. 2017).

The Court previously determined that MMAS is not the owner of the Morisky Widget copyright.  (Prior Order at 8).  The Court reasoned that MMAS had assigned "the Morisky Widget and any related copyright" to Dr. Morisky in a written settlement agreement (the "Settlement Agreement") stemming from a separate action.  (Prior Order at 6 (citing RJN (Docket No. 37-5), Ex. A (Settlement Agreement) § II.1).  The Settlement Agreement also provided that "MMAS Research, LLC will forego any claims it has to and will acknowledge that Donald Morisky is the sole and exclusive owner of the federal copyrights in and to the MMAS-4 and the MMAS-8, together with any related trademarks, copyrights, derivatives to the same or other intellectual property rights associated with the Morisky Medication Adherence scales or protocols." (*Id.*).  The Court further noted that while the Settlement Agreement permitted Plaintiff to use the copyright to settle existing claims listed in Exhibit 3 of the agreement, claims involving Defendants did not appear on the list.  (*Id.*).

Defendant contends that the SAC is devoid of allegations that would overcome this determination.  (Mot. at 11).  In particular, Defendant reiterates that Plaintiff has voluntarily waived any right it had to the relevant copyrights pursuant to the Settlement Agreement as the agreement (a) transferred the Morisky Widget to Dr. Morisky; (b) had MMAS forego any claims it had to the Morisky Widget and (c) acknowledged Dr. Morisky as the "sole and exclusive owner" of the Morisky Widget.  (*Id.* at 13).

Plaintiff argues that the parties to the Settlement Agreement provided that the assignment of the Morisky Widget would only proceed after a transition period, which ultimately never came to pass.  (Opposition ("Opp.") at 21).  Because the agreement was "unfinished business," Plaintiff argues that it has retained ownership and standing to sue.  (*Id.* at 21–22).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  21-1406-MWF (JPR)                                Date:  February 28, 2023
Title:         MMAS Research LLC, et al v. The Charité, et al

    The language of the Settlement Agreement does not support Plaintiff's contention.  As the Court previously determined, the Settlement Agreement states that Plaintiff assigned the Morisky Widget and any related copyrights, trademarks and related intellectual property rights to Donald Morisky.  (Prior Order at 8).  Indeed, in further support of this determination, the Settlement Agreement states that Plaintiff warranted and represented that it has "all right, title, and authority to [the Morisky Widget] transferred and assigned to Donald Morisky."  (Settlement Agreement (Docket No. 55-2) at 9).  Further, the Settlement Agreement states that its "terms and conditions . . . shall be binding and enforceable in any court."  (*Id.* at 1).  The transition period Plaintiff refers to appears to implicate the transfer of the Morisky Widget software and database to Donald Morisky.  (*See id.* at 5–6).  However, the apparently unfinished transfer of the physical possession and control of the Morisky Widget does not undermine the clear assignment of legal ownership of the Morisky Widget copyright.

    Plaintiff's argument that it can pursue enforcement of the copyright claim against Defendants because it is authorized to settle existing claims involving the Morisky Widget is also unavailing.  The Settlement Agreement only "authorizes" MMAS to pursue the claims listed in Exhibit 3 of the agreement.  (*See id.* at 4–5 ("Donald Morisky authorizes MMAS Research, LLC . . . to prosecute the Claim Settlements listed in Exhibit 3") ("The 'Claim Settlements' are limited to those set forth and listed in Exhibit 3")).  In its prior decision, the Court noted that Defendants did not appear in Exhibit 3, and of course that has not changed in the current SAC.  (*See* Prior Order at 8).

    Plaintiff argues that Exhibit 3 has never operated as a limitation.  (Opp. at 22).  However, this contention goes against the plain language of the Settlement Agreement, which states that "the Claim Settlements are limited to those set forth and listed in Exhibit 3, attached to this agreement, as of the date on which the Agreement is signed by the Parties."  (Settlement Agreement at 4 (internal quotations omitted)).  Plaintiff argues that this is not a limitation as demonstrated by the fact that Dr. Morisky

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. 21-1406-MWF (JPR)　　　　　　　　Date: February 28, 2023
Title:　　MMAS Research LLC, et al v. The Charité, et al

received compensation from claims against two other parties who were not specifically listed in the agreement. (Opp. at 22).

　　　The Court is not persuaded by Plaintiff's reasoning. While the defined term "Claim Settlements" does not stop Dr. Morisky from joining and authorizing additional actions, it does limit Plaintiff's ability to pursue claim settlements without further authorization from Dr. Morisky. Dr. Morisky did not join this action or otherwise authorize Plaintiff to pursue the present claim against Defendants. (*See* Request for Dismissal with Prejudice of Dr. Donald E Morisky (Docket No. 48)).

　　　Additionally, as previously determined by the Court, Plaintiff's argument that Dr. Morisky authorized Plaintiff to sue for infringement on his behalf is invalid as any attempt to transfer the bare right to sue without assignment of legal ownership of the copyright does not grant Plaintiff standing. (Prior Order at 9). The assignment of a bare right to sue does not render Plaintiff as a legal owner of the copyright under controlling law and is therefore insufficient to confer standing. *See Silvers v. Sony Pictures Ent., Inc.*, 402 F.3d 881, 886 (9th Cir. 2005) (en banc) (party cannot "assign accrued claim for copyright infringement to [a party that] had no legal or beneficial interest in the copyright").

　　　Finally, even if Plaintiff had standing to enforce the Morisky Widget copyright, it appears that Plaintiff waived its ability to do so. In copyright, abandonment is "the intentional relinquishment of a known right with knowledge of its existence and the intent to relinquish it." *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001). Abandonment of copyright "occurs only if there is an intent by the copyright proprietor to surrender rights in his work." (*Id.* (citing 4 Melville B. Nimmer & David Nimmer, *Nimmer On Copyright* ¶ 13.06 (2000)). Here, the Settlement Agreement states that MMAS has agreed to "forego any claims" it had in the Morisky Widget, and to assign the rights to the Morisky Widget and any related copyright to Dr. Morisky.

　　　The Court determines that Plaintiff does not have the standing to sue for copyright infringement of the Morisky Widget copyright and therefore has not met its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  21-1406-MWF (JPR)                              Date:  February 28, 2023
Title:       MMAS Research LLC, et al v. The Charité, et al

burden of proving that the claim should be in federal court.  Accordingly, the Court **GRANTS** the Motion to dismiss the copyright claim for lack of subject-matter jurisdiction.

### 2. Extraterritoriality

Defendant additionally argues that Plaintiff's copyright claim is barred by the principle of extraterritoriality.  (Mot. at 14).

The Ninth Circuit has long recognized that "the United States copyright laws do not reach acts of infringement that take place entirely abroad."  *Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*, 24 F.3d 1088, 1098 (9th Cir. 1994); *see Blazevska v. Raytheon Aircraft Co.*, 522 F.3d 948, 954 (9th Cir. 2008) (confirming *Subafilms'* holding that copyright infringement in foreign distribution of films is not actionable in the United States).  "[I]n order for U.S. copyright law to apply, at least one alleged infringement must be completed entirely within the United States."  *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 387 (9th Cir. 1995).

Because the issue of extraterritoriality concerns the Court's subject matter jurisdiction over the copyright claim, Plaintiff bears the burden of proving that the case is properly in federal court.  *See Superama Corporation, Inc. v. Tokyo Broadcasting System Television, Inc.*, 830 Fed. Appx. 821, 823-24 (9th Cir. 2020) ("Dismissal for lack of subject matter jurisdiction was thus proper here, as all alleged infringing activity took place outside of the United States.").

The Court previously determined that Plaintiff did not meet its burden to demonstrate that Defendants' alleged infringements were completed within the United States.  (Prior Order at 11).  The Court held that the Plaintiff's citations to Charité's publications on U.S. servers related to studies that allegedly used Morisky intellectual properties were not enough to establish the infringement in the United States because the publications themselves did not reproduce or otherwise use the Morisky Widget source code that Plaintiff allegedly owned.  (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. 21-1406-MWF (JPR)          Date: February 28, 2023
Title:      MMAS Research LLC, et al v. The Charité, et al

       In the SAC, Plaintiff added allegations that Dr. Halleck and others attended an American Transplantation Study meeting in Seattle, Washington on June 3, 2018, where they "presented MMAS-8 results from their" study on kidney transplant recipients. (SAC ¶ 63). Additionally, Plaintiff alleges that Defendant published a number of other studies "that were violative of" Defendant's Morisky Widget license and which "were utilized in American presentations and publications." (*Id.* ¶¶ 50, 73, 74).

       Defendant argues that Plaintiff's copyright claim must again fail because, while it denies using the Morisky Widget at all, even if it did, the source code itself is not reproduced, distributed, performed, displayed, or otherwise used in any of the articles discussing the studies or in Dr. Halleck's alleged presentation in Seattle. (Mot. at 16–17). Additionally, Defendant points out that Plaintiff repeated its allegations that Defendant infringed the Morisky Widget by using it to develop and/or test the MyTherapy app but again failed to allege when and where the development and testing was performed. (*Id.* at 16).

       In its Opposition, Plaintiff reasserts its added allegations but does not otherwise address Defendant's argument or the Court's Prior Opinion. (*See* Opp. 23–24).

       The Court determines that Plaintiff does not meet its burden to demonstrate that Defendants' alleged infringements were completed within the United States. The SAC does not specifically allege that any unauthorized use of its alleged copyright was completed in the United States as Plaintiffs do not allege that the presentation by Dr. Halleck or Charité's published studies reproduce or otherwise use the Morisky Widget source code. *See Allarcom Pay Television, Ltd.*, 69 F.3d at 387. Additionally, the facts and conclusions presented which were allegedly reached using the copyright at issue, do not themselves infringe the copyright. *See* 2 *Patry on Copyright* § 4:9 ("Based on principles similar to those motivating exclusion of rights in facts and historical events, courts have also denied protection to news, data, discoveries, theories, research, 'sweat of the brow,' concepts, scientific principles, and even characterizations of life in certain parts of cities").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. 21-1406-MWF (JPR)                       Date:  February 28, 2023
Title:      MMAS Research LLC, et al v. The Charité, et al

The Court determines that Plaintiff fails to meet its burden of proving that the case is properly in federal court. Accordingly, the Motion to dismiss Plaintiff's copyright claim is **GRANTED.**

Because the Court determines that it does not have subject-matter jurisdiction over Plaintiff's copyright claim on two independent bases, the Court does not address Defendant's additional arguments for dismissal.

### B. Breach of Contract and Unfair Business Practices

Defendant argues that if the copyright claim is dismissed, the Court should decline to exercise supplemental jurisdiction over MMAS's remaining state law claims. (Mot. at 25 (citing *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) ("The Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'"). MMAS did not address this argument.

The Court determines that it is appropriate to decline to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ("[D]istrict courts may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction").

Accordingly, the Court **GRANTS** the Motion to dismiss MMAS's state law claims.

### C. Leave to Amend

Rule 15 requires that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Supreme Court identified five factors a court should consider when deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  21-1406-MWF (JPR)          Date:  February 28, 2023
Title:     MMAS Research LLC, et al v. The Charité, et al

party, (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Of these, "the consideration of prejudice to the opposing party carries the greatest weight." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Cap., LLC*, 316 F.3d at 1052); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (indicating a court should explain reasons for denying leave to amend); *Parsittie v. Schneider Logistics, Inc.*, 859 Fed. App'x 106, 107 (9th Cir. 2021) (same).

     In the Prior Order, the Court warned Plaintiff that any future successful motion to dismiss would be granted without leave to amend.  (Prior Order at 13).  Plaintiff was unable to allege any new information to overcome the Court's prior determinations and further amendment therefore appears futile, especially given Dr. Morisky's clear intention not to be involved in this action.

     Accordingly, the Motion is **GRANTED *without leave to amend.*** The action is **DISMISSED *without prejudice*** for lack of subject-matter jurisdiction.

     IT IS SO ORDERED.

     This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.